UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MOHAMMED KEITA, et al.,<br><br>                Plaintiffs,<br><br>-against-<br><br>THE BANK OF NEW YORK; MR. COOPER, also known as Nationstar Mortgage; LOGS Legal Group, LLP,<br><br>                Defendants. | 23-CV-1504 (LTS)<br><br>TRANSFER ORDER |

LAURA TAYLOR SWAIN, Chief United States District Judge:

      Mohammed Keita brings this action *pro se*. He lists himself and two additional parties who have not signed the complaint as plaintiffs. At least one of the additional parties listed as a plaintiff appears to be a minor because the word "infant," appears next to the name.[1] Plaintiff Keita invokes the Court's federal question and diversity jurisdiction. He seeks to enjoin a foreclosure sale of real property located in Staten Island, New York, which he indicates is scheduled to take place on March 23, 2023, outside the Richmond County Courthouse. For the following reasons, this action is transferred to the United States District Court for the Eastern District of New York.

## DISCUSSION

      Under 28 U.S.C. § 1391(b), a civil action may be brought in

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . ; or (3) if there is no district in which an action may otherwise be

---

[1] Court submissions containing a social security number or the name of a minor must be redacted. Fed. R. Civ. P. 5.2(a)(3). Only the last four digits of a social security number, and the initials of an individual known to be a minor should be used. Plaintiff's pleadings include unredacted information of this type, and the Court has therefore limited access to Plaintiff's pleadings and IFP application on the court's CM/ECF system to a "case participant-only" basis.

brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

Under Section 1391(c), a "natural person" resides in the district where the person is domiciled, and an "entity with the capacity to sue and be sued" resides in any judicial district where it is subject to personal jurisdiction with respect to the civil action in question.[2] *See* 28 U.S.C. § 1391(c)(1), (2).

Plaintiff seeks to enjoin the "proposed foreclosure sale" of property at 863 Father Capodanno Boulevard in Staten Island, New York. It appears from documents annexed to the complaint that Plaintiff may be asserting a claim under the Real Estate Settlement Procedures Act (RESPA), 12 U.S.C. §§ 2601-2617, though he has not specifically invoked this statute.[3] Plaintiff alleges that there has been a "valid acceptance of modification" and that he had made a "request for research." (ECF 1 at 5.) He attaches to his complaint several documents. A document with a header from Defendant "Mr. Cooper," an entity that Plaintiff states is "also known as Nationstar Mortgage," refers to procedures for making a qualified written request under 12 C.F.R. § 1024. (ECF 1-2 at 2.) Plaintiff appears to request information about a loan and release of a lien. (*Id.* at 1-2.) A handwritten note on this document states that "a loss mitigation

---

[2] Where a defendant is a corporation, its residency is determined as follows:

[I]n a State which has more than one judicial district and in which a defendant that is a corporation is subject to personal jurisdiction at the time an action is commenced, such corporation shall be deemed to reside in any district in that State within which its contacts would be sufficient to subject it to personal jurisdiction if that district were a separate State, and, if there is no such district, the corporation shall be deemed to reside in the district within which it has the most significant contacts.

28 U.S.C. § 1391(d).

[3] The RESPA does not include its own venue provision, and thus the general venue provision applies to claims under this statute.

2

process [has] been accepted and sent to underwriting." (ECF 1-2 at 2.) Nothing in the complaint suggests that any of the events giving rise to Plaintiff's claims about a mortgage loan secured by real property in Staten Island occurred within this district, and venue is thus not proper in this district under Section 1391(b)(2).

Venue under Section 1391(b)(1), which applies only if all defendants are residents of the State in which the district is located, also does not appear to lie in this district. The three defendants in this action are "Mr. Cooper aka Nationstar Mortgage," LOGS Legal Group, LP., and Bank of New York Mellon (BONY Mellon). Although Plaintiff does not specifically plead facts about the residence of these defendants, or whether they are subject to personal jurisdiction in this district, he provides an address for Defendant "Mr. Cooper" in Dallas, Texas, and addresses for the two remaining defendants in Rochester, New York, outside this district. These allegations neither suggest that all defendants reside in the State of New York nor that any defendant resides in this district. It is therefore not clear that venue lies in this district under Section 1391(b)(1).

Staten Island, where Plaintiff's claims arose, is in Richmond County, in the Eastern District of New York. *See* 28 U.S.C. § 112(c). The Eastern District of New York therefore appears to be a proper venue for this action, under Section 1391(b)(2), because the claims arose in that district.

Even if venue is proper in the district where a case is filed, a court may transfer the case to any other district where it might have been brought "[f]or the convenience of parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). In determining whether transfer under Section 1404(a) is appropriate, courts consider the following factors: (1) the convenience of witnesses; (2) the convenience of the parties; (3) the locus of operative facts; (4) the availability

3

of process to compel the attendance of the unwilling witnesses; (5) the location of relevant documents and the relative ease of access to sources of proof; (6) the relative means of the parties; (7) the forum's familiarity with the governing law; (8) the weight accorded to the plaintiff's choice of forum; (9) trial efficiency; and (10) the interest of justice, based on the totality of circumstances. *Keitt v. N.Y. City*, 882 F. Supp. 2d 412, 459-60 (S.D.N.Y. 2011); *see also N.Y. Marine and Gen. Ins. Co. v. LaFarge No. Am., Inc.*, 599 F.3d 102, 112 (2d Cir. 2010) (setting forth similar factors). A plaintiff's choice of forum is accorded less deference where the plaintiff does not reside in the chosen forum and the operative events did not occur there. *See Iragorri v. United Tech. Corp.*, 274 F.3d 65, 72 (2d Cir. 2001).

Transfer under Section 1404(a) appears to be appropriate in this case. The underlying events occurred in Richmond County, where Plaintiff resides and the property that is the subject of this suit is located. The Eastern District of New York appears to be a more convenient forum for this action. Accordingly, the Court transfers this action to the United States District Court for the Eastern District of New York. 28 U.S.C. § 1404(a); *see D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 106 (2d Cir. 2006) ("District courts have broad discretion in making determinations of convenience under Section 1404(a) and notions of convenience and fairness are considered on a case-by-case basis.").

## CONCLUSION

The Clerk of Court is directed to transfer this action to the United States District Court for the Eastern District of New York. Whether Plaintiff should be permitted to proceed further without prepayment of fees is a determination to be made by the transferee court. Summonses shall not issue from this Court. This order closes this action in this court.

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   March 1, 2023
         New York, New York

                                              /s/ Laura Taylor Swain
                                               LAURA TAYLOR SWAIN
                                            Chief United States District Judge